```
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #: _____
------------------------------------------------------x DATE FILED: 1/20/09
ENRICO IANNUZZI AND NEW YORK STATE          :
USBC BOWLING ASSOCIATION, INC.,             :
                                            :
                    Plaintiffs,             :
                                            :           08 Civ. 10208 (HB)
       - against -                          :
                                            :           ORDER
UNITED STATES BOWLING CONGRESS, INC.,       :
                                            :
                    Defendant.              :
------------------------------------------------------x
```

**Hon. HAROLD BAER, JR., District Judge:**

    WHEREAS Plaintiffs Enrico Iannuzzi and New York State USBC Bowling Association, Inc. ("NYSBA") (collectively, "Plaintiffs") commenced an action against Defendant United States Bowling Congress, Inc. ("Defendant") in the Supreme Court of the State of New York, County of the Bronx, on November 7, 2008; and

    WHEREAS Plaintiffs' complaint seeks a declaratory judgment that Defendant's decision to revoke the NYSBA's charter constitutes a breach of the covenant of good faith and fair dealing; mandatory injunction directing Defendant to reinstate NYSBA's charter; declaratory judgment that certain bond proceeds are NYSBA property; and injunction directing the Defendant to turn over the bond proceeds; and

    WHEREAS on November 18, 2008, Plaintiffs sought and were granted a Temporary Restraining Order against Defendant; and

    WHEREAS on November 24, 2008, Defendant filed a notice of removal with the Clerk of this Court; and

    WHEREAS on December 16, 2008, Plaintiffs filed a motion for remand of this case to the New York Supreme Court, County of the Bronx; and

    WHEREAS for this Court to have subject matter jurisdiction over this case based on diversity of citizenship, there must be complete diversity among the parties and the amount in controversy must exceed $75,000, 28 U.S.C. § 1332; and

    WHEREAS the parties do not dispute the existence of complete diversity among all parties; and

    WHEREAS Plaintiffs argue that this Court lacks subject matter jurisdiction over this case because the amount in controversy does not exceed $75,000; and

WHEREAS Plaintiffs allege that the amount in controversy, taking to account all possible sources of value, cannot exceed $73,530.60; and

WHEREAS Defendant alleges that Plaintiffs' previous receipts of approximately $85,000 annually in membership dues and $124,000 in proceeds from the annual NYSBA Bowling Tournament indicate that the amount in controversy exceeds $75,000; and

WHEREAS the party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court, and if allegations of jurisdictional facts are challenged, the party asserting jurisdiction must support them by competent proof and must justify its allegations by a preponderance of the evidence, *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301, 305 (2d Cir. 1994); and

WHEREAS allegations of jurisdictional facts must be more than conclusory allegations of indirect or speculative value, *American Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 718 (S.D.N.Y. 2007); and

WHEREAS out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts in favor of remand, *Dimich v. Med-Pro, Inc.*, 304 F. Supp. 2d 517, 519 (S.D.N.Y. 2004) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); and

WHEREAS this Court has carefully considered all materials submitted by the Parties; and

WHEREAS this Court has concluded that Defendant has not satisfied its burden of showing more than speculative facts to indicate that the amount in controversy exceeds the jurisdictional minimum; it is hereby

ORDERED that this case be remanded to the New York Supreme Court, County of the Bronx; and it is further

ORDERED that the Clerk of the Court is directed to close this case and remove it from my docket.

**IT IS SO ORDERED.**
**New York, New York**
**January 2009**

_____
U.S.D.J.

2